FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PETER JOHN TSAKIRIS,<br><br>      Plaintiff,<br><br>  v.<br><br>JOEL SACKS, *in his official capacity as Director of THE WASHINGTON STATE DEPARTMENT OF LABOR & INDUSTRIES*<br><br>      Defendant. | NO. 2:26-CV-0157-TOR<br><br>ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS |

BEFORE THE COURT are Plaintiff's Motion to obtain Electronic Case Filing Authorization (ECF No. 4), Motion for Preliminary Injunction (ECF No. 5), Motion for Order Permitting Medical Documents to be Filed Under Seal (ECF No. 6), Defendant's First Motion to Dismiss (ECF No. 8), Second Motion to Dismiss (ECF No. 9), and Plaintiff's Motion to Expedite Threshold Hearings (ECF No. 15). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed.  For the reasons

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 1

discussed below, Plaintiff's pending motions are DENIED as moot, Defendant's First Motion to Dismiss (ECF No. 8) is TERMINATED because it is duplicative, and Defendant's Amended Motion to Dismiss (ECF No. 9) is GRANTED in part.

## BACKGROUND

This case arises out of allegations of violations of procedural due process under the Fourteenth Amendment, Washington state claims for the made-whole doctrine, unclean hands, unjust enrichment, and equitable subrogation.  ECF No. 1 at 31-48.  Plaintiff requests declaratory and injunctive relief and monetary damages.  ECF No. 1 at 6, 49-50.

Plaintiff states only one constitutional violation claim but the claims are essentially two separate claims.  As a result, the Court will address them separately.

First, Plaintiff claims he has a constitutionally protected interest in Total Disability Pension ("TDP") benefit awarded under Title 51 RCW.  ECF No. 1 at 7. Plaintiff challenges "the ongoing enforcement of reimbursement offsets a present and continuing deprivation of property without prior adjudication of governing equitable conditions."  ECF No. 1 at 10.

Second, Plaintiff states that during his administrative proceedings in front of the Washington Board of Industrial Insurance appeals ("the Board"), Docket # 251351, he did not receive proper notice or service of a motion for summary

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 2

judgment. ECF No. 1 at 8. Plaintiff alleges that constitutional violations from administrative actions that included "defective procedures, including notice, service, opportunity to be heard and absent adjudication of Plaintiff's preserved equitable claim and directives presented in the administrative record." ECF No. 1 at 6.

## DISCUSSION

### A. Legal Standard

For a plaintiff to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This requires more than a simple "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545. This requires facts to support legal conclusions beyond simply stating conclusory legal statements. *Iqbal,* 556 U.S. at 663; *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (stating that for a motion to dismiss, courts are not obligated to accept alleged legal conclusions as true factual allegations); *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (stating legal conclusions must be supported by factual allegations). However, a court must construe facts in the light most

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 3

favorable to the opposing party of the motion and a court must take the allegations of the non-moving party as true. *Twombly*, 550 U.S. at 556.

In addition, a plaintiff must "nudge[] their claims across the line from conceivable to plausible" otherwise plaintiff's complaint shall be dismissed. *Twombly*, 550 U.S. at 570. In other words, the "plausibility standard requires more than 'a sheer possibility that a defendant has acted unlawfully' but 'is not akin to a probability standard.'" *Kwan*, 854 F.3d at 1096 (quoting *Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)). *Pro se* pleadings are liberally construed to "afford the petitioner the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010)). This is especially important for cases arising out of civil rights violations. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.), *as amended* (May 22, 1992) (citation omitted).

### B. Fourteenth Amendment Procedural Due Process Violation

Plaintiff alleges procedural due process violations due to lack of notice, service and proper adjudication from the Board. ECF No. 1 at 6-7, 10. Defendant argues any notion of 42 U.S.C. § 1983 claims fail because Defendant is named in his official capacity and fails under *Ex Parte Young*. ECF No. 9 at 10-11. Moreover, Plaintiff did not allege a deprivation of a vested interest or an inadequate state process. ECF No. 9 at 8-9.

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 4

The Supreme Court stated, "[w]e hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). This applies to the State "or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes. *Id.* at 70 (citing *Mt. Healthy Bd. of Ed. v. Doyle,* 429 U.S. 274, 280 (1977)).

This decision was grounded in immunity afforded by the Eleventh Amendment. There are three exceptions to the Eleventh Amendment sovereign immunity rule: waiver, abrogation, and *Ex Parte Young,* 209 U.S. 123 (1908). *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir.), *amended*, 271 F.3d 910 (9th Cir. 2001). A state may waive their immunity, Congress may abrogate the state's immunity pursuant to its constitutional authority, or the suit is against a state officer for prospective injunctive relief. *Id.* at 817-18.

*Young* authorizes suits against state officials acting in their official capacity for prospective relief. *Ex parte Young*, 209 U.S. 123, 163-68 (1908). "In determining whether the doctrine of *Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of*

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 5

*Idaho,* 521 U.S. 261, 296 (1997)) (O'Connor, J., concurring in part and concurring in judgment).

To allege a procedural due process violation, a plaintiff must allege two elements. "[A] person must show that he or she was deprived of a protected liberty or property interest" and "that the deprivation of the protected interest was caused by a denial of adequate procedural protections." *Blocktree Props., LLC v. Pub. Util. Dist. No. 2 of Grant Cnty. Washington*, 380 F. Supp. 3d 1102, 1121 (E.D. Wash.), *aff'd*, 783 F. App'x 769 (9th Cir. 2019) (citing *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1073 (9th Cir. 2015)).

Plaintiff alleges that the protected property interest is his TDP awarded under the Washington Industrial Insurance Act, Title 51 RCW. ECF No. 1 at 28-29. Plaintiff is deprived of that protected interest because of the reimbursement offsets of his pension award. ECF No. 1 at 30. Plaintiff continues that he was not properly served or notified of the dispositive summary judgment motion because it was argued during a status hearing and he could not properly prepare. ECF No. 1 at 29. Plaintiff alleges that his pending motions were not properly heard and left pending. ECF No. 1 at 29.

While Plaintiff claims procedural due process violations against the Board for failure to provide proper notice, service, and hearings, he only names Joel Sacks, in his official capacity as Director of the Washington State Department of

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 6

Labor & Industries.  ECF No. 1.  Plaintiff does not allege facts that Defendant was required to and failed to provide notice and service of this hearing.  The named party is improper because he does not appear to be related to any proceedings with the Board.  In short, Defendant does not appear to be the cause of the alleged procedural due process violations.  This exemplifies a standing issue.

**C. Standing**

Under Article III of the Constitution, federal courts must only hear cases and controversies.  *United States v. Texas*, 599 U.S. 670, 675 (2023).  A case or controversy exists if the plaintiff has standing.  *United States v. Texas*, 599 U.S. 670, 675 (2023).  Essentially, under Article III of the Constitution, to bring a case to federal court, a plaintiff must prove they have standing.  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).  A "lack of *Article III* standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  To prove standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 7

To prove the requirement of causation, "[t]he plaintiff must also establish that the plaintiff's injury likely was caused or likely will be caused by the defendant's conduct." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 382 (2024). Causation "must not be too speculated or too attenuated." *Hippocratic Med.*, 602 U.S. 367, 382 (2024) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410-411 (2013)).

Here, Plaintiff lacks to allege that Defendant caused the procedural defects at all. Accordingly, Plaintiff fails to confer standing because it is not alleged that Defendant caused the harm. As a result, Plaintiff also fails to confer standing for redressability because the Court cannot grant the relief requested because Defendant is not the cause of the alleged violation. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). The Court cannot hear this matter further because this claim fails to confer standing resulting in a lack of jurisdiction.

**D. Continuing Enforcement of Reimbursement Offsets**

Additionally, Plaintiff appears to allege that Defendant's continuous enforcement of reimbursement offsets to his pension despite an alleged unconstitutional proceeding with the Board due to allegations of violations of procedural due process is also unconstitutional. ECF No. 14 at 9. Plaintiff appears to allege that Defendant's enforcement of the Board's decision pursuant to RCW § 51.32.080(4) is unconstitutional.

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 8

This argument assumes that if the Board's procedure was unconstitutional then the decision is invalid, and Defendant's enforcement is also unconstitutional. However, the Board's decision regarding Plaintiff's decision has not been determined as unconstitutional.  Therefore, Defendant's enforcement of the Board's decision is not unconstitutional.

If that were the case, this court would allow and promote state agency officials to determine the constitutionality of other agency decisions and procedures and open liability against them for complying with other agency decisions.  Determining the constitutionality of agency decisions and procedures is not the role of state agency officials but the judiciary.  *People of State of Cal. ex rel. Younger v. Mead*, 618 F.2d 618, 620 (9th Cir. 1980) ("[The Court] will review an agency's action for alleged violations of constitutional, statutory, regulatory or other legal mandates.").

Additionally, as previously discussed, when a state official may be liable has already been discussed in length by the courts. *See Ex parte Young*, 209 U.S. 123 (1908).  Plaintiff does not effectively allege that Defendant is continuously violating federal law.  Therefore, if Plaintiff aims to claim prospective relief under *Young* for these allegations, it fails because Plaintiff does not allege a constitutional violation and sovereign immunity applies.

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 9

**E. Challenges to the Board's Decision**

Additionally, Defendant argues that under the *Rooker-Feldman* doctrine this Court cannot hear Plaintiff's case. ECF No. 9 at 6. Defendant contends that while Plaintiff attempts to make arguments regarding RCW § 51.32.080, these arguments essentially challenge the Board's decisions. ECF No. 9 at 6-7. However, Defendant continues that even if that doctrine does not apply, claim preclusion and the Full Faith and Credit Act preclude relitigating Plaintiff's claims. ECF No. 9 at 7-8.

Moreover, "a state administrative decision can have preclusive effect upon a federal § 1983 claim." *Wehrli v. Cnty. of Orange*, 175 F.3d 692, 694 (9th Cir. 1999). If a plaintiff had an adequate opportunity for review or to litigate but did not pursue it, then the state administrative decision is entitled to preclusive effect. *Wehrli v. Cnty. of Orange*, 175 F.3d 692, 694 (9th Cir. 1999).

Plaintiff had the opportunity to appeal his decision to the superior court pursuant to RCW § 51.52.110. However, Plaintiff argues that he is not appealing his decision. ECF No. 14 at 4-5. Nevertheless, any arguments that appear to take issue with the Board's decision fail to state a claim because it is given preclusive effect. Additionally, RCW § 51.52.110 provides that the superior court is the correct court to hear any matters regarding an appeal of the Board's decision. As a result, Plaintiff fails to state claim.

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 10

**F. Subject Matter Jurisdiction**

Under 28 U.S.C. § 1331, a federal court has original jurisdiction.  Original jurisdiction is present in federal court for "all civil actions arising under the Constitution, laws, or treaties of the United States."  *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022) (quoting 28 U.S.C. § 1331).  This is met if the claims asserted arise under federal law.  *Negrete*, 46 F.4th 811 at 816.

Under 28 U.S.C. § 1367, a court may have supplemental jurisdiction over state law claims.  However, a court may decline to invoke supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).  Four factors may be considered when determining whether a court should retain supplemental jurisdiction over state claims: fairness, comity, convenience, and economy.  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir.), *as amended* (Oct. 1, 1997) (citation omitted).

Without any federal, constitutional or other claims arising under federal law, the Court does not have federal question jurisdiction.  Since litigation is still in the early stages, and the parties are located in Washington, it is in the interest of comity, convenience, and economy to allow the state court to adjudicate any remaining state claims.  Therefore, the Court declines to assert supplemental jurisdiction over the Plaintiff's state law claims.  *Blackman v. Omak Sch. Dist.*,

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 11

2021 WL 607081, at *2 (E.D. Wash. Feb. 16, 2021) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as stated in Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010)) (citation omitted).

### G. Opportunity to Amend

A court may not dismiss a *pro se* complaint before providing the *pro se* party "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively" unless amendments to the complaint could not cure the issues. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.), *as amended* (May 22, 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citations omitted).

Plaintiff does not have any remaining claims that confer subject matter jurisdiction. Any amendment would be futile and not cure the issues of Plaintiff's Complaint. Moreover, "district courts may dismiss such claims with prejudice where 'the bar of sovereign immunity is absolute,' meaning 'no other court has the power to hear the case' and the plaintiff could not 'redraft their claims to avoid' the bar. *Vasquez v. Washington Dep't of Veterans Affs.*, 746 F. Supp. 3d 1011, 1024 (W.D. Wash. 2024) (*see Frigard v. United States*, 862 F.2d 201, 204 (9th Cir.

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 12

1988)).  Defendant is subject to immunity and appears to be unconnected to the allegations beyond enforcement of the Board's decision which is given preclusive effect.

Furthermore, because one claim is dependent on jurisdictional issues, that claim will be dismissed without prejudice.  *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").  Additionally, due to *Young's* nature and possible availability in another court with appropriate facts, the Court will dismiss this claim without prejudice.  *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 271 (1997).

/

/

/

/

/

/

/

/

/

/

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 13

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED in part.** Plaintiff's § 1983 constitutional claims against Defendant are **DISMISSED without prejudice** and **without leave to amend.**

   a. The Court denies supplemental jurisdiction and Plaintiff's state law claims are **DISMISSED without prejudice.** Plaintiff may file any state law claims with the appropriate court.

2. Defendant's First Motion to Dismiss (ECF No. 8) is duplicative and **TERMINATED.**

3. All other pending motions are **DENIED as moot.**

The District Court Executive is directed to enter this Order, enter judgment of dismissal, furnish copies to Plaintiff and counsel, and **CLOSE** the file.

DATED May 20, 2026.



THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS ~ 14