FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PETER JOHN TSAKIRIS,<br><br>          Plaintiff,<br><br>   v.<br><br>JOEL SACKS, in his official capacity,<br><br>          Defendant. | NO. 2:26-CV-0157-TOR<br><br>ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 18).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Defendants' Motion for Reconsideration (ECF No. 18) is DENIED.

## BACKGROUND

This case arises out of allegations of violations of procedural due process under the Fourteenth Amendment, Washington state claims for the made-whole

doctrine, unclean hands, unjust enrichment, and equitable subrogation. ECF No. 1 at 31-48. Plaintiff requests declaratory and injunctive relief and monetary damages. ECF No. 1 at 6, 49-50.  On April 17, 2026, Defendant moved to dismiss Plaintiff's Complaint.  ECF No. 9.  On May 20, 2026, the Court dismissed Plaintiff's Complaint without prejudice or leave to amend for lack of subject matter jurisdiction.  ECF No. 16.  On June 17, 2026, Plaintiff filed a Motion for Reconsideration of the Court's Order on Defendant's Motion to Dismiss.  ECF No. 18.  Defendant opposes Plaintiff's Motion.  ECF No. 20.

## DISCUSSION

Federal Rule of Civil Procedure 59(e) governs the rules regarding a motion for reconsideration to amend or alter a judgment.  Additionally, under Federal Rule of Civil Procedure 54, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment[.]" FED. R. CIV. P. 54.  Here, the Court has not issued a final order.

Whether to grant a motion for reconsideration is within the sound discretion of the court.  *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).  However, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).  Therefore,

"[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Although, unique circumstances may warrant reconsideration, too. *Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1263.

Plaintiff argues that the Court's Order was manifestly unjust and mischaracterized his Complaint and allegations. ECF No. 18. Plaintiff alleges additional facts and adds documents in his Motion for Reconsideration. ECF No. 18. However, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). As a result, Plaintiff has not identified an intervening change in the law, submitted any newly discovered evidence, or demonstrated that the Court committed clear error that was manifestly unjust. Therefore, the Court denies Plaintiff's Motion for Reconsideration.

/

/

/

/

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Reconsideration (ECF No. 18) is **DENIED.**

The District Court Executive is directed to enter this Order and furnish copies to Plaintiff and counsel.

DATED August 11, 2026.

THOMAS O. RICE
United States District Judge